**IN THE UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  06-CR-0128-001-CVE** |
| | ) | |
| **CHRISTOPHER ANTHONY HELLARD,** | ) | **USM Number: 10010-062** |
| | ) | |
| **Defendant.** | ) | |

<u>**OPINION AND ORDER**</u>

Before the Court is defendant's motion for correction or modification of sentence and request for jail time credits (Dkt. # 48).  In November 2006 defendant pleaded guilty to one count of possession of a firearm and ammunition after former felony conviction, a violation of 18 U.S.C. § 922(g)(1).  On February 5, 2007, defendant reappeared on a writ of habeas corpus ad prosequendum from state custody and was sentenced to the custody of the Bureau of Prisons for a term of 37 months.  The Court, finding defendant was subject to an undischarged term of imprisonment on an unrelated charge, ordered the instant term to run concurrent with Tulsa County case CF-05-4964.  Following sentencing, defendant was returned to state custody where, on December 10, 2008, he was paroled to a federal detainer lodged against the instant sentence.  He is currently serving the balance of the federal sentence at FTC Oklahoma City.  Defendant moves, presumably pursuant to Fed. R. Crim. P. 36, for correction of the judgement to specify credit for time spent in pretrial detention.  Defendant argues that the Bureau of Prisons erroneously calculated his sentence to commence on February 5, 2007, the date of imposition of sentence, as opposed to August 16, 2007, the date received in federal custody on the writ.  Defendant contends it was the Court's intent and a proper reading of the judgment that he receive credit for time served pending sentencing.

Defendant is incorrect in his assertion.  Defendant appeared for sentencing serving an undischarged term of imprisonment for an offense unrelated to the instant conviction.  Pursuant to 18 U.S.C. § 3584(a) and USSG §5G1.3(c) the Court was authorized to run the instant sentence concurrent or partially concurrent with, or consecutive to the undischarged state term.  Although the state offense bore no relationship to the instant offense or influence guideline calculation, the Court exercised its discretion in favor of defendant, and ordered the term to run concurrently with the state offense.  A district court has no authority to order a term to commence prior to the date of imposition of sentence.  See 18 U.S.C. § 3585(a).  The only means available to a district court to compensate a defendant for time spent in pretrial detention on other charges is to offset an intended sentence for time previously served as authorized in USSG §5G1.3(b).  Defendant did not qualify for consideration under §5G1.3(b) and this Court clearly did not apply this provision.  It was and still is the intent of this Court that the instant term shall commence on February 5, 2007, and run concurrent with Tulsa County case CF-05-4964.

The Court now turns to the issue of granting jail time credit.  It is settled law that "[a] district court has no authority to compute or award sentencing credit at sentencing; rather, it is the Attorney General, through the BOP, which has the power to grant sentencing credit in the first instance." United States v. Mata, 145 Fed. Appx. 276, 280, 2005 WL 1953510, at *2 (10th Cir.2005) (citing United States v. Wilson, 503 U.S. 329, 334 (1992); United States v. Jenkins, 38 F.3d 1143, 1144 (10th Cir.1994); see also United States v. Brown, 212 Fed. Appx. 747, 2007 WL 64852 at *7 (10th Cir.2007) ("a sentencing court is without jurisdiction to award credit under § 3585(b) for time served in prior custody at sentencing." (citation omitted)).  After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the

sentence. <u>See</u> 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed.")  To fulfill this duty, BOP must know how much of the sentence the offender has left to serve.  Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant. Crediting jail time against federal sentences long has operated in this manner. After Congress enacted § 3568 in 1966, the BOP developed detailed procedures and guidelines for determining the credit available to prisoners. (citations omitted). Federal regulations have afforded prisoners administrative review of the computation of their credits, . . . , and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies, . . . (citations omitted). 503 U.S. at 335.  A defendant must raise his issue of credit under § 3585(b) first with the BOP and, if unsatisfied, then seek judicial review pursuant to § 2241. <u>Jenkins</u>, 38 F.3d at 1144; <u>see, e.g.</u>, <u>Binford v. United States</u>, 436 F.3d 1252 (10th Cir.2006); <u>United States v. Mata</u>, 145 Fed. Appx. 276, 280, 2005 WL 1953510, *2 (10th Cir.2005); <u>Buchanan v. United States Bureau of Prisons</u>, 133 Fed. Appx. 465, 467, 2005 WL 1168443 (10th Cir.2005) ("Petitioner must exhaust the available administrative remedies prior to pursuing relief under § 2241. <u>See</u> <u>Williams v. O'Brien</u>, 792 F.2d 986, 987 (10th Cir.1986) (per curiam)" (other citation omitted)).

If defendant believes he has been improperly denied jail credits, the BOP has established a grievance procedure for inmates with complaints relative to any aspect of their imprisonment. <u>See</u> 28 C.F.R. §§ 542.10-542.19.  The inmate must first attempt to resolve his complaint informally with his prison counselor.  28 C.F.R. § 542.13.  If unable to reach an informal resolution, the inmate may

then direct his complaint to the warden through a written administrative remedy request, using Form BP-9. Id. §§ 542.13, 542.14. After the warden's response, if still unsatisfied, the prisoner may submit an appeal to the Regional Director, using Form BP-10. Id. § 542.15(a). Finally, the inmate may file a final administrative appeal to the Office of the General Counsel in Washington, D.C., using Form BP-11. Id. § 542.15(b)(2).

It was the intent of this Court that the imprisonment term was to commence on the date of imposition of sentence. Further, this Court has no authority to compute or award sentencing credit at sentencing or later order application of jail credits toward a sentence.

**IT IS THEREFORE ORDERED** that defendant's motion to correct or amend sentence and award jail time credits (Dkt. # 48) is **denied**.

**IT IS SO ORDERED** this 11th day of March, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT